IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| HASANI FARAJI JENNINGS, | ) |
| Plaintiff, | ) |
| vs. | ) CV-98-PT-2503-M |
| STATE OF ALABAMA, ET AL., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

The plaintiff, Hasani Faraji Jennings, filed a complaint alleging that the defendants abridged his Constitutional rights during his 1994 criminal trial on capital murder charges. (Doc. 1). The magistrate judge filed a report and recommendation on September 5, 2000, recommending that this action, which was filed pursuant to 42 U.S.C. § 1983, be dismissed under 28 U.S.C. § 1915A(b) as frivolous. The magistrate judge found that the plaintiff's claims are due to be dismissed because they fail to state a claim upon which relief can be granted and because the plaintiff seeks relief which should have been sought in a petition for writ of habeas corpus. (Doc. 6). The plaintiff filed a pleading on September 20, 2000, captioned "Motion Requesting Reconsideration by U.S.C.A. Article 3 (sic) Judge of Magistrate Judge's Report and Recommendation," which the court is treating as objections to the report and recommendation. (Doc. 8).

In his objections, the plaintiff concedes that his claims numbered two through four are indeed barred by the statute of limitations, but asserts that his first claim, purportedly dealing with defense counsel's failure to provide him with a copy of his trial transcript (see doc. 8

(objections), p. 2), is not barred by the statute of limitations. The plaintiff specifically contends that his first claim concerns the withholding of his transcript by his defense attorney who had signed a statement to the effect that the trial transcript would be necessary in preparing for and filing an appeal. The plaintiff further contends that this claim arose on December 22, 1995, following his conviction and sentencing. The plaintiff asserts that on that date his attorney stated in a letter that, since the plaintiff had exhausted his primary appeals, he could obtain his transcript and other documents upon written request. Additionally, the plaintiff states that he sent three letters to the attorney requesting the transcript and that the Alabama State Bar Association reprimanded the attorney for the delay in providing plaintiff with the documents in September 1996.

The court finds that this claim is also barred by the statute of limitations. It is evident that the plaintiff knew that he was entitled to his trial transcript as early as December 22, 1995, when, as he states, his attorney wrote him a letter notifying him of this fact. However, the plaintiff waited until September 25, 1998 (the date on which plaintiff's complaint was signed), more than two years later to file this action. Accordingly, this claim is barred by the statue of limitations.

The plaintiff cannot argue that this claim would be saved under the tolling provision, had it still been in effect, because he was serving his sentence when this claim accrued.[1] By his own

---

[1] Section 6-2-38(1), ALA. CODE, provides: "All actions for any injury to the person or rights of another not arising from contract and not specifically enumerated in this section must be brought within two years." Prior to May 1996, the Alabama tolling provision, ALA. CODE § 6-2-8 (1975), provided in pertinent part:

> If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time such right accrues, ... <u>imprisoned on a criminal charge for any term less than for life,</u> he shall have three years, or the period allowed by law for the commencement of such action if it be less than three years, after the termination of such disability to commence an action . . . provided, however,

admission, plaintiff was serving a sentence of life without parole, when his claim that he was denied access to the courts accrued. As noted, when it was in effect, the tolling statute applied to plaintiffs who had been imprisoned on a criminal charge for any term <u>less than for life</u>. The tolling statute would not have applied where, as here, the plaintiff had been sentenced to life without parole.[2]

With respect to the plaintiff's second objection to the magistrate judge's report and recommendation, the court concludes that the magistrate judge correctly found that the relief sought by the plaintiff in this action is relief which should be sought in a petition for writ of habeas corpus. The plaintiff reiterated in his objections that he is not seeking monetary damages. The magistrate judge correctly concluded that the complaint filed in this action cannot be construed to be a petition for writ of habeas corpus because it does not name any appropriate habeas respondents.

As a third objection, the plaintiff correctly notes that he is not seeking monetary damages with respect to defendant Accardi. He contends, therefore, that defendant Accardi is not entitled to absolute immunity. The plaintiff states that his objection concerns whether "defendant Accardi's prosecutorial actions [are] of a racially discriminatory and biased nature, and racially

---

        that no disability shall extend the period of limitations so as to allow such action
        to be commenced . . . after the lapse of 20 years from the time the claim or right
        accrued.

(Emphasis added). Effective May 17, 1996, § 6-2-8 was amended so that it no longer provides a tolling provision for those "imprisoned on a criminal charge for any term less than for life."

(Doc. 6, p. 4, n.2).

   [2] The court also agrees with the magistrate judge's finding that the plaintiff cannot state a claim against his defense counsel because "[i]t is well settled that a private attorney representing a defendant in a criminal case does not act 'under color of state law' and therefore cannot be liable in an action brought under 42 U.S.C. § 1983 absent specifically pled facts showing a conspiracy between the attorney and public officials thereby fairly casting the imprimater of the stae on the attorney's acts." (Doc. 6, p. 7 (citations omitted)).

motivated description he termed "an appropriate race" were relative to his actions as a prosecutor." (Doc. 8, p. 3). The court finds that the magistrate judge correctly concluded that the acts about which the plaintiff complains were acts done by defendant Accardi while he was performing the normal range of prosecutorial actions in connection with the plaintiff's criminal case. None of the actions that the plaintiff attributes to defendant Accardi extend to those aspects of a prosecutor's responsibility that cast him in a role of an administrator or investigative officer. The plaintiff's allegations regarding the acts of defendant Accardi relate only to his actions as a prosecutor. Further, the plaintiff has not stated what relief he is seeking with respect to defendant Accardi. The relief specifically sought by the plaintiff in this action is dismissal of his sentence, a lighter sentence or a new trial. Defendant Accardi cannot dismiss the plaintiff's sentence nor can he grant the plaintiff a lighter sentence or a new trial.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the Court is of the opinion that the magistrate judge's report is due to be and is hereby adopted and the recommendation is accepted. Accordingly, the complaint is due to be dismissed as frivolous, for failure to state a claim upon which relief can be grated and because plaintiff seeks relief which should have been sought in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 1915A(b). A Final Judgment will be entered.

DATED this 19th day of October, 2000.

ROBERT B. PROPST
UNITED STATES DISTRICT JUDGE